GUNTHER, Judge,
dissenting.
I respectfully dissent.
Defendant appeals a judgment of conviction for possession of an unlawfully issued driver’s license.
Defendant was charged by information with possession of a forged, stolen, fictitious, counterfeit or unlawfully issued driver’s license (Count I) and driving while license was suspended (Count II). He was convicted of possession of an unlawfully issued driver’s license, not a forged, stolen, fictitious or counterfeit driver’s license, and also of driving while license was suspended.
A non-jury trial was held at which the parties stipulated to the following facts:
On December the 1st, 1985, Sgt. Primm recognized the defendant operating his truck upon the public highways of the State of Florida in Martin County, Florida, and knew at the time that the defendant’s license had been suspended for a period of five years. The officer came up behind defendant’s truck and noticed that one of the taillights was out. He proceeded to stop the defendant and ask the defendant to show his driver’s license. The defendant produced an Alabama license. The defendant admitted that he was working and had been working in the county on 1-95 construction site and that he had had an accident in Hobe Sound in October of 1985.
During the trial the defendant did not object to the state’s introduction of his driving record from the state of Florida nor his Alabama driver’s license. However, he did object to the state’s attempt to offer a letter from the Supervisor of Records, Driver License Division of the Alabama Department of Public Safety. Overruling the defendant’s objection, the trial court admitted into evidence the first paragraph of that letter which provided:
This is to certify that Glen Russell Irons obtained an Alabama driver license on September 25, 1985. This license was cancelled effective November 14, 1985 because of a notice from the state of Florida that his driver license and driving privilege were suspended or revoked in that state.
Then the state rested its case without any other evidence being offered.
The defendant moved for a judgment of acquittal as to Count I arguing that the state failed to prove anything against him except that he was driving while his license was suspended. Denying the defendant’s motion, the trial court said that the statement in the first paragraph of the letter, together with the information shown in the defendant’s driving record as to the date of the Florida suspension or revocation, was sufficient to show that the Alabama license was unlawfully issued.
Contrary to the defendant’s contention, the trial court properly admitted paragraph 1 of the letter into evidence. The information in paragraph 1 was admissible under section 90.803, Florida Statutes (1985), as an exception to the hearsay rule, since it *44 was prepared pursuant to a duty imposed by law as to matters which there was a duty to report. The author of that letter, as a captain and supervisor of records of the driver license division, was required by Alabama law to report the information contained in the first paragraph to any other party state requesting such information. Section 32-6-32 Alabama Code (1985). Florida has the same statute imposing a duty on the Department of Highway Safety and Motor Vehicles. Section 322.45, Florida Statutes (1985). Therefore, pursuant to the Uniform Driver License Compact, the author was obligated to report the contents of paragraph 1 of the letter.
However, I agree with the defendant’s contention that the trial court erred in denying his motions for judgment of acquittal on the charge of possession of an unlawfully issued driver’s license contrary to section 322.212(1), Florida Statutes (1985). The trial court found that the state had not proved that the defendant had possession of a forged, stolen, fictitious or counterfeit license but the state did prove that the defendant had possession of an unlawfully issued Alabama license contrary to section 322.212(1), Florida Statutes (1985).
In the instant case, there is no evidence as to what would constitute an unlawfully issued driver’s license under the laws of Alabama. The trier of facts was without evidence from which it could reasonably infer that the Alabama license had been “unlawfully issued.”
I would reverse as to Count I and remand for execution of sentence as to Count II only.